UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/11

| | |
|---|---|
| JARIO PINEDA, EMERITO S. ALONZO, JORJE JORDAN, ENRIQUE MENDES, MANUEL PEREZ, DEMECIO RAMOS, MANUEL DeJESUS RAMOS, JULIO VILLEDA, and VITALINO VILLEDA, <br><br> Plaintiffs, <br><br> v. <br><br> MASONRY CONSTRUCTION, INC., CARMODY BUILDING CORP., CARMODY MASONRY CORP., and BIAGIO "BENNIE" CANTISANI, <br><br> Defendants. | 09 Civ. 2356 (RO) |

**ORDER**

OWEN, District Judge:

      Plaintiffs brought this action under the Fair Labor Standard Act ("FLSA") and New York State Labor Law ("NYLL") against Defendants Masonry Construction, Inc. ("MCI"), Carmody Building Corp. ("CBC"), Carmody Masonry Corp. ("CMC"), and Biagio "Bennie" Cantisani (collectively "Defendants"). Plaintiffs worked for Defendants as manual laborers between January, 2003 and December, 2008. Plaintiffs bring the following claims: claims under the FLSA and NYLL for Defendants' failure to pay overtime wages; a claim under the NYLL for Defendants' failure to pay regular wages due and owing to them; a claim under the New York Business Corporation Law to inspect Defendants' books and records; and claims by individual Plaintiffs, Demecio Ramos ("D. Ramos") Manuel DeJesus Ramos ("M. Ramos"), and Julio Villeda ("J. Villeda") for breach of contract for Defendants' failure to satisfy "I.O.U.s" issued to them in lieu of regular wages.

1

## BACKGROUND

Plaintiffs commenced this action on March 13, 2009. On September 2, 2010, Judge Cathy Seibel struck Defendants' Answer because of Defendants' failure to comply with discovery orders. (Docket Entry No. 25.) After striking the Answer and indicating that judgment would be entered in favor of the Plaintiffs, Judge Seibel referred the case to Magistrate Judge Paul E. Davison for an inquest on damages. (Docket Entry No. 25-26.)

Magistrate Judge Davison issued a scheduling order related to the inquest on September 8, 2010, directing Plaintiffs to file proposed findings of facts and conclusions of law and directing Defendants to file a response to Plaintiffs' submissions. (Docket Entry No. 27.) Judge Davison's scheduling order provided that the inquest may be conducted "based solely upon the written submissions of the parties." Scheduling Order at 2. The order further directed the parties that if either party sought an evidentiary hearing on the damages issue, that the party "must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted." *Id.*

Plaintiffs filed proposed findings of fact and conclusions of law, which were accompanied by affidavits from most of the claimants, and supporting documentation. (Docket Entry No. 30.) Defendants filed a response, in which they argued that two of the Plaintiffs had submitted third-party affidavits and that on this basis their submissions should be dismissed as inadequately supported (Docket Entry No. 33.) Defendants requested an evidentiary hearing, but did not identify any witnesses who would be testifying at such a hearing nor did they identify any evidence they would submit at a hearing.

Following a conference with the parties on February 24, 2011 and after considering the parties' arguments, Judge Davison scheduled an evidentiary hearing limited to the damages of the two plaintiffs for which the documentary submissions were inadequate to determine damages. After Plaintiffs' counsel notified Judge Davison that additional evidence in supports of damages for these two plaintiffs could not be provided because these plaintiffs were not currently in the United States, Judge Davison conducted the damages inquest based on the parties' written submissions.

On March 22, Judge Davison issued a Report and Recommendation (the "Report") in which he recommended that judgment be entered against Defendants in the total amount of $420,645.42. (Docket Entry No. 37.) As stated in the Report, this judgment consists of $221,142.45 in overtime wages, $190,590.97 in liquidated damages, and $8,912.00 in contract damages. Plaintiffs filed objections to the Report on April 8, 2011. (Docket Entry No. 38.) Defendants also filed objections to the Report on April 8, 2011. (Docket Entry No. 39.) On May 18, 2011, this case was transferred to this Court.

For the reasons set forth below, this Court concurs with the Report and Recommendation of Judge Davison.

## DISCUSSION

Legal Standards

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In reviewing a Report and Recommendation, a district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. *Id.* § 636(b)(1)(B), (C). *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

Claims

This Court has reviewed the Report, the objections to the Report made by both parties, the record, and applicable legal authorities. After doing so, the Court concludes that the Report is supported by both the record and the law.

## Unpaid Overtime Wages

Judge Davison properly determined that Defendants' default constitutes an admission of liability and was able to reasonably ascertain damages based on the documentary evidence submitted by Plaintiffs. The Report calculated overtime pay under the FLSA and NYLL by determining the employee's regular rate of pay for the relevant periods and the number of hours for which the employer is liable. Because Defendants failed to present any evidence regarding the wages earned or hours worked by Plaintiffs, Judge Davison properly found that Plaintiffs (with limited exceptions explained more fully) provided sufficient evidence through affidavits based on their personal recollections.

As explained more fully in the Report, the following Plaintiffs is entitled to recover overtime wages as follows:

| | |
|---|---|
| Jario Pineda: | $46,418.75 |
| Demecio Ramos: | $14,865.00 |
| Julio Villeda: | $19,860.00 |
| Emerito S. Alonzo: | $41,943.75 |
| Vitalino Villeda: | $33,693.75 |
| Manuel Perez: | $21,970.00 |
| Jorje Jordan: | $42,391.20 |

The Court concurs with the findings of Magistrate Judge Davison that Plaintiffs M. Ramos and Mendes have failed to provide sufficient evidence to establish damages to a reasonable certainty. Accordingly, the claims for unpaid overtime made by these two plaintiffs are dismissed.

## Liquidated Damages

Judge Davison properly determined that Plaintiffs are entitled to recover liquidated damages under the FLSA in an amount equal to their unpaid overtime wages, and that

Defendants' default results in a finding that they willfully violated state and federal labor laws. The Report considers both the FLSA and NYLL and the statutes of limitations under each in determining the liquidated damages that should be awarded to each Plaintiff.

As explained more fully in the Report, the following Plaintiffs are entitled to recover liquidated damages under the FLSA and NYLL as follows:

| | |
|---|---|
| Jario Pineda: | $39,472.19 |
| Demecio Ramos: | $17,242.50 |
| Julio Villeda: | $18,436.25 |
| Emerito S. Alonzo: | $34,568.44 |
| Vitalino Villeda: | $23,880.94 |
| Manuel Perez: | $17,978.50 |
| Jorje Jordan: | $39,012.15 |

The Court concurs with the findings of Magistrate Judge Davison that because the overtime wage claims of Plaintiffs M. Ramos and Mendes should be dismissed, these Plaintiffs are not entitled to recover liquidated damages.

**Dishonored Checks**

Plaintiffs claim that Defendants issued checks that were subsequently dishonored by the bank from which they were drawn and that they are therefore entitled to damages equal to the face amount of each of the dishonored checks. Defendants' default in failing to answer the Complaint is an admission of its allegations, thus requiring Plaintiffs to provide no further evidence despite the fact that Plaintiffs have provided little evidence to prove that the checks were in fact dishonored. Plaintiffs, however, failed to assert a cause of action that would entitle them to recovery. NYLL § 652(1), cited by Plaintiff, mandates the payment of statutorily determined minimum wages and does not provide a means for recovery of the face value of the dishonored checks. Judge Davison further found that because Plaintiffs did not provide further evidence regarding the hours or pay periods associated with the dishonored checks, it was

6

impossible to ascertain with reasonable certainty the amount of minimum wages in connection with the dishonored checks that Plaintiffs would be entitled to recover.

The Report concludes that Plaintiffs are not entitled to recover damages based on their claim that $75,067.19 in paychecks was dishonored by the bank from which they were drawn. In their objections to the Report, Defendants repeat several of their points made in Opposition to Plaintiff's Proposed Findings of Fact and Proposed Conclusions of Law, specifically that Plaintiffs have failed to identify proof that the allegedly dishonored checks were in fact dishonored by the bank from which they were drawn. Def. Objection at 5. Plaintiffs object to the Report's finding that they are not entitled to recovery on their dishonored checks claim. Their objections, however, fail to provide a basis to upset Judge Davison's findings. Plaintiffs request, in the alternative, that they be granted leave to renew the inquest as to this issue. Specifically, Plaintiffs request the opportunity to present evidence regarding the number of hours worked for each of the pay periods in question. This request is hereby granted. Plaintiffs shall have thirty (30) days to demonstrate that they are able to provide documentary evidence that establishes, with sufficient certainty, the number of hours worked for each of the pay periods at issue.

### Breach of Contracts Claims

The Court concurs with the Report's findings that two of the Plaintiffs are entitled to recover breach of contract damages for Defendants' failure to pay on what Plaintiffs describe are "I.O.U.s" issued to Plaintiffs in lieu of regular wages, as follows:

| | |
|---|---|
| D. Ramos | $5,942.00 |
| J. Villedas: | $2,970.00 |

The breach of contract claim of M. Ramos is dismissed.

Attorney's Fees

NYLL permits a successful Plaintiff to recover reasonable attorney's fees and costs. See N.Y. Lab. Law § 198. Plaintiffs' request that they be granted thirty days following entry of an order on damages in which to pursue attorney's fees is hereby granted. Plaintiffs shall submit any application for reasonable attorney's fees and costs within thirty (30) days of the date of this order. The application shall contain time records, description of attorney and/or other legal staff experience, and supporting documentation of all costs claimed. Defendants shall have fourteen (14) days to oppose such application.

**CONCLUSION**

For the reasons explained above, this Court concurs with the Report and Recommendation of Judge Davison, in its entirety. Accordingly, judgment is entered against Defendants in the total amount of $420,645,42. If Plaintiffs seek to renew the inquest on the issue of the dishonored checks, they must demonstrate within thirty (30) days that they can provide evidence establishing with reasonable certainty the amount of minimum wages Plaintiffs are entitled to collect based on the dishonored checks. Plaintiffs shall also submit any attorney's fees and costs request within thirty (30) days of the date of this order.

SO ORDERED.

November 15, 2011

RICHARD OWEN
UNITED STATES DISTRICT JUDGE